

NUMBER 13-13-00645-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

SERGE DASQUE,                                                                    Appellant,

v.

FABIOLA AIDEE DASQUE,                                                      Appellee.

---

On Appeal from the County Court at Law No. 2
of Hidalgo County, Texas.

---

## ORDER

Before Chief Justice Valdez and Justices Perkes and Longoria
Order Per Curiam

This cause is before the Court on appellant's "Motion to Request a Complete and Accurate Reporters' Record" and "Motion to Request from County Courts 5 & 7 Court Records as well as a Complete and Accurate Reporter's Record for Cause [Numbers] F-5441-08-5 and F-5441-08-7." The reporter's record in this cause, which arises from trial

court cause number F-1947-12-2, was filed in June. Appellant has previously notified the court reporter that the reporter's record in F-1947-12-2 is incomplete or inaccurate, and the record before this Court contains the court reporter's response that the record as filed is true and complete. These pro se motions ensued.

Texas Rule of Appellate Procedure 34.6(e)(1) provides that the parties may agree to correct an inaccuracy in the reporter's record without the court reporter's recertification. *See* TEX. R. APP. P. 34.6 (e)(1). Texas Rule of Appellate Procedure 34.6(e)(3) provides that if a dispute arises after the reporter's record has been filed in the appellate court, the Court may submit the dispute to the trial court for resolution. *See Id.* 34.6 (e)(3). Correction of an inaccuracy in the reporter's record, thus, must be resolved by agreement of the parties or by the trial court.

Given the foregoing, this appeal is ABATED and the cause REMANDED to the trial court. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine: (1) whether inaccuracies exist in the reporter's record, and if so, whether the parties can agree to correct any of them without the court reporter's recertification; and (2) to settle the dispute if inaccuracies exist in the reporter's record and the parties cannot agree on whether or how to correct any of them. *See Id.* 34.6(e).

Appellant has also requested records from trial court cause numbers which have not been appealed to this Court. Thus, the trial court should also make findings and conclusions regarding whether records pertaining to trial court cause numbers F-5441-

2

08-5 and F-5441-08-7 are part of the trial court record in trial court cause number F-1947-12-2.

The trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

Appellant's motions will be carried with the case pending further order of this Court and the resolution of the matters referenced herein.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed this
the 15th day of July, 2014.

3